IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL PEREZ, | Civil No. 3:17-cv-2341 |
| Plaintiff | (Judge Mariani) |
| v. | |
| JAMES J. LARSON, *et al.*, | |
| Defendants | |

## MEMORANDUM

Plaintiff Joel Perez ("Plaintiff"), an inmate who, at all relevant times, was housed at the Luzerne County Correctional Facility, in Wilkes-Barre, Pennsylvania, initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Warden James J. Larson, Luzerne County Manager C. David Pedri, District Attorney Stefanie Salavantis, and eleven John Doe Defendants. (*Id.*). Presently pending before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants Larson, Pedri, and Salavantis. (Doc. 28). The motion is ripe for disposition and, for the reasons set forth below, the Court will grant the motion to dismiss. Additionally, the action against the John Doe Defendants will be dismissed.

I. **Allegations of the Complaint**

Plaintiff alleges that on October 12, 2016, he was ordered by a guard to pack his belongings for transport back to state prison. (Doc. 1, ¶ 20). Plaintiff believed this was an error, and asked the guard to double check his return date to state prison. (*Id.* at ¶ 21).

Plaintiff believed his transfer date to state prison was October 20, 2016, not October 12, 2016. (*Id.* at ¶ 22). Plaintiff alleges that a sergeant told him that he was going back to state prison "for other reasons." (*Id.* at ¶ 23). Plaintiff asserts that the sergeant was responsible for coordinating the cell extraction. (*Id.* at ¶ 24). Plaintiff further alleges that a lieutenant came to his cell and asked him if he wanted stay or leave, and he said "stay" and the lieutenant allegedly said "you will suffer the consequences." (*Id.* at ¶¶ 25, 26).

Plaintiff claims that he was packing his property when, suddenly, one of the John Doe prison guards began to pepper spray him. (*Id.* at ¶ 28). Plaintiff alleges that the first guard to enter the cell pushed him with an electrified shield, which caused him to fall on his bed. (*Id.* at ¶ 29). Plaintiff alleges that he was then beaten by guards while yelling at them that he was not resisting. (*Id.* at ¶ 30). Plaintiff further alleges that he was dragged, punched in the back of the head, handcuffed behind his back, and his feet were shackled by several unknown guards. (*Id.* at ¶¶ 32-34). During his transport through the facility, two unknown guards allegedly pushed Plaintiff into walls. (*Id.* at ¶ 35).

Plaintiff claims that he asked for medical assistance while in the elevator. (*Id.* at ¶ 36). Plaintiff alleges that while in the transport area, an unknown nurse sprayed water in his eyes. (*Id.* at ¶ 38). Plaintiff asserts that he was then placed in a transport van, and one of the guards sat on his back. (*Id.* at ¶ 41). Plaintiff alleges that he was again assaulted in the transport van, and was tased by the guards. (*Id.* at ¶¶ 43-45).

When Plaintiff arrived at the State Correctional Institution at Retreat ("SCI-Retreat"), he allegedly informed staff of what occurred, and he was placed in a POR cage. (*Id.* at ¶¶ 47-48). Plaintiff states that a nurse treated him, and took photographs of the injuries to his face, head, ears, and rib area. (*Id.* at ¶ 49). One to two days later, Plaintiff was treated in the medical unit, he underwent x-rays, and was provided pain medication. (*Id.* at ¶¶ 52-53).

Plaintiff alleges that he exhausted his legal remedies, and that all of his requests were dismissed by the Luzerne County guards. (*Id.* at ¶ 55). Plaintiff further states that he informed staff at SCI-Retreat of the alleged assault, who indicated that they would contact Luzerne County regarding the situation. (*Id.* at ¶¶ 56, 57).

Plaintiff states that he wrote a letter to District Attorney Salavantis on March 26, 2017, regarding the events that allegedly occurred at the Luzerne County Correctional Facility. (*Id.* at ¶ 66). Plaintiff requested that District Attorney Salavantis investigate the matter and file charges against the guards. (*Id.*). On June 8, 2017, Plaintiff filed a criminal complaint through the Clerk of Court directed to District Attorney Salavantis. (*Id.* at ¶ 69).

## II. <u>Legal Standard</u>

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

4

possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III. Discussion

### A. Defendants Larson, Pedri, and Salavantis

Defendants Larson, Pedri, and Salavantis argue that Plaintiff failed to allege any facts suggesting that they were personally involved in the alleged wrongful conduct. (Doc. 31, pp. 7-12). Individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal

5

involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; Rode, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208.

Plaintiff has failed to set forth any allegations that any of the named Defendants were personally involved in the events at the Luzerne County Correctional Facility. In fact, Defendant Larson is the only Defendant employed at the prison. The complaint is completely devoid of any facts from which it could be inferred that Defendants Larson, Pedri, or Salavantis were aware of facts suggesting that Plaintiff was at risk of harm or that they otherwise had any personal involvement and/or knowledge of the potential for an assault during the cell extraction and transport. As such, Defendants Larson, Pedri, and Salavantis are entitled to dismissal from this action based on lack of personal involvement.

To the extent that Defendant Larson is sued based on his supervisory role as Warden of the prison, this claim fails. Any attempt by Plaintiff to hold Defendant Larson liable for the actions of his subordinates is essentially an assertion of *respondeat superior*

liability which seeks to hold this Defendant liable based on his supervisory role. This ground of constitutional liability has been squarely rejected by the courts. *See Rode*, 845 F.2d at 1207. Consequently, any claim attempting to hold Defendant Larson liable based on his supervisory role will be dismissed.

The only allegations pertaining to any of the three Defendants is Plaintiff's claim that he wrote a letter to District Attorney Salavantis, laying out the timeline of events, requesting an investigation into the matter, and requesting the filing of charges against the prison guards. (Doc. 1, ¶ 66). Plaintiff further states that he filed a criminal complaint directed to District Attorney Salavantis, but Defendants Salvantis and Pedri failed to investigate his complaints. (*Id.* at ¶¶ 69, 76(D)). It is well-settled "that 'an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim.'" *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (citation omitted).

In *Gessner v. Dep't of Corr.*, 2014 WL 972290 (M.D. Pa. 2014), this Court held:

> It is well established that decisions regarding the filing of criminal charges are the prerogative of the executive branch of government, are consigned to the sound discretion of prosecutors, and under the separation of powers doctrine are not subject to judicial fiat. Indeed, it has long been recognized that the exercise of prosecutorial discretion is a matter, "particularly ill-suited to judicial review." *Wayte v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 . . . (1985). Recognizing this fact, courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties, finding that civil plaintiffs lack standing to make such claims and concluding that such relief

7

simply is unavailable in a civil lawsuit. See, e.g., Ostrowski v. Mehltretter, 20 Fed. Appx. 87, 90 (2d Cir. 2001) ( . . . . The failure of Mehltretter to investigate or prosecute Bybel did not injure [the plaintiff] in any direct manner-he has no 'personal stake in the outcome' of a perjury case brought against (or not brought against) another person.").

Id. at *6. See also Sanders v. Downs, 420 F. App'x 175, 180 (3d Cir. 2011) ("[T]he District Court correctly reasoned that there is no constitutional right to the investigation or prosecution of another."); Snyder v. Aaron, 2006 WL 544466, at 2-3 (W.D. Pa. 2006) (dismissing complaint for lack of standing where the plaintiff's claim was premised on the district attorney's failure to prosecute a third party). Because Plaintiff has no constitutional right to have the prison guards who allegedly assaulted him criminally charged, it follows that Defendants Salavantis and Pedri could not have violated his constitutional rights by failing to do so. As such, the claims against Defendants Salavantis and Pedri will be dismissed.

### B. John Doe Defendants

John Doe Defendants may only be allowed "to stand in for the alleged real parties until discovery permits the intended defendants to be installed." Johnson v. City of Erie, 834 F. Supp. 873, 878 (W.D. Pa. 1993) (citations omitted). Absent compelling reasons, a district court may dismiss such defendants if a plaintiff, after being granted a reasonable period of discovery, fails to identify them. Scheetz v. Morning Call, Inc., 130 F.R.D. 34, 37 (E.D. Pa. 1990) ("Fictitious parties must eventually be dismissed, if discovery yields no

identities."); *see also Hindes v. F.D.I.C.*, 137 F.3d 148, 155-56 (3d Cir. 1998).

By Order dated November 19, 2018, Plaintiff was directed to identify the John Doe Defendants named in the complaint or risk their dismissal from this action. (*See* Doc. 38). Based on this Court's review of the record, although this action was filed more than fourteen months ago, Plaintiff has failed to provide the identities of the John Doe Defendants. Under the standards announced in *Scheetz*, since Plaintiff has been granted a reasonable period of time in which to identify the John Doe Defendants, and failed to do so, entry of dismissal in favor of the John Doe Defendants is now appropriate.

## IV. Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Because the Court finds that Plaintiff's claims lack any arguable basis in law and fact, allowing Plaintiff the opportunity to amend would be futile.

## V. Conclusion

For the reasons set forth above, the Court will grant the motion (Doc. 28) to dismiss by Defendants Larson, Pedri, and Salavantis, and dismiss the action against the John Doe Defendants. A separate Order will issue.

Dated: February 22, 2019

Robert D. Mariani
United States District Judge